UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil/Criminal No. 20-201 (DWF/LIB) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Rekita Tiara Harden, | |
| Defendant. | |

This matter is before the Court upon Defendant Rekita Tiara Harden's ("Defendant") objections (Doc. No. 93 ("Def. Obj.")) to Magistrate Judge Leo I. Brisbois's November 15, 2021 Report and Recommendation (Doc. No. 92 ("Report and Recommendation")) insofar as it recommends that Defendant's Motion to Suppress (Doc. No. 41 ("Motion")) be denied.[1]

The Court has conducted a *de novo* review of the record, including a review of the arguments and all submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

---

[1] The Report and Recommendation followed a hearing and post-hearing briefing. (*See* Doc. Nos. 83, 89, 90.)

The Report and Recommendation also recommended that Defendant's Motion for Disclosure of Evidence Favorable to Defendant (Doc. No. 29), Motion for Disclosure of 404(b) Evidence (Doc. No. 31), Motion for Discovery and Inspection (Doc. No. 32), and Motion to Retain Rough Notes (Doc. No. 33) be granted as set forth in the Report and Recommendation, and that Defendant's Motion for Pretrial Disclosure of Jencks Act Material (Doc. No. 30) be denied. (Report and Recommendation at 7-10, 23-24.) Defendant does not object to those recommendations. The Court also agrees with the Magistrate Judge's recommendations on those motions.

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

Defendant's Motion stemmed from Deputy Tory Cawcutt's ("Deputy Cawcutt") March 13, 2020 roadside search of her vehicle.[2] (*See* Doc. Nos. 41, 89.) Defendant argued that the search of her vehicle violated *Rodriguez v. United States*, 575 U.S. 348 (2015) because Deputy Cawcutt lacked reasonable articulable suspicion to extend the traffic stop to conduct a canine search.[3] (Doc. No. 89 at 6-14.) Defendant further argued that even if Deputy Cawcutt had reasonable articulable suspicion to conduct the canine search, Deputy Cawcutt lacked probable cause to search the vehicle in part because his canine's alerts during the canine search were insufficient to establish probable cause.[4] (*Id.* at 14-18.)

In the Report and Recommendation, Magistrate Judge Brisbois thoughtfully addressed Defendant's arguments but found that Deputy Cawcutt's testimony was both credible and supported by other facts in the record. (Report and Recommendation at 13-

---

[2]   Deputy Cawcutt is employed by the Carlton County Sheriff's Department. (Report and Recommendation at 2.)

[3]   Defendant challenged Deputy Cawcutt's credibility with respect to whether he smelled marijuana before deploying his canine. (Doc. No. 89 at 9-10.) Defendant further argued that Deputy Cawcutt overly relied on a past drug offense, had no reason to suspect she was being dishonest about where she traveling to, and that the totality of the circumstances simply did not support a search. (*Id.* at 11-14.)

[4]   Defendant also argued that even if the facts and circumstances known to Deputy Cawcutt prior to the canine search were enough to raise some suspicion that the vehicle contained narcotics, they were not enough to raise the honest and strong suspicion necessary to establish probable cause. (*Id.* at 14-15.)

15.) Because Deputy Cawcutt smelled the odor of burnt marijuana when Defendant opened the window of her vehicle—sufficient to establish probable cause that the vehicle contained narcotics—Magistrate Judge Brisbois concluded that the roadside search of her vehicle during the March 13, 2020 traffic stop was constitutionally permissible under the automobile exception. (*Id.* at 15-16 (citing *United States v. Vore*, 743 F.3d 1175, 1179 (8th Cir. 2014) (quoting *United States v. Wells*, 347 F.3d 280, 287 (8th Cir. 2003) ("[T]he 'automobile exception' permits the warrantless search of a vehicle if the police 'had probable cause to believe the vehicle contained contraband or other evidence of a crime before the search began.'").)

After finding the search constitutional under the automobile exception, Magistrate Judge Brisbois noted that he need not address Defendant's other arguments, including whether the alert by the canine officer was sufficient to support probable cause.[5] (*Id.* at 16-17.) Nevertheless, Magistrate Judge Brisbois also carefully explained that based on the totality of the circumstances and numerous reasons outlined in his Report and Recommendation, he found that the canine officer was sufficiently reliable at detecting narcotics and that the canine properly alerted at the driver's door of Defendant's vehicle prior to the search. (*Id.* at 16-23.) Therefore, the Magistrate Judge concluded that the canine alert also supported probable cause. (*Id.* at 23.)

---

[5]   Magistrate Judge Brisbois also observed that because he found that Deputy Cawcutt had probable cause to search Defendant's vehicle prior to the completion of the original purpose of the March 13, 2020 traffic stop, he need not separately discuss whether Deputy Cawcutt had reasonable articulable suspicion to extend the March 13, 2020 traffic stop.

Defendant now objects to the Report and Recommendation on the grounds that Magistrate Judge Brisbois wrongly concluded that Deputy Cawcutt was credible when his testimony was internally inconsistent, implausible, and illogical in light of the facts and circumstances when considered in the proper context. (Def. Obj. at 4-8.) Because Deputy Cawcutt's testimony was not credible, Defendant argues that Magistrate Judge Brisbois erred when he used it as a basis to conclude that probable cause existed to search her vehicle. (*Id.* at 8.) Defendant further reiterates her arguments that the canine search was an unconstitutional expansion of the scope of the stop because the totality of the circumstances was insufficient to form reasonable articulable suspicion that the vehicle contained narcotics. (*Id.* at 8-12.)

After a careful review of Defendant's objections and *de novo* review of the record, the Court finds no reason to depart from the Magistrate Judge's finding that that Deputy Cawcutt's testimony was credible. The Report and Recommendation makes clear that Magistrate Judge Brisbois carefully considered the evidence and weighed each of Defendant's arguments against Deputy Cawcutt's credibility. (*See* Report and Recommendation at 13-15.) This Court finds no indication that the analysis was incomplete or inaccurate.

The Court specifically agrees with the Magistrate Judge that Defendant's arguments regarding Deputy Cawcutt's testimony "are largely based solely on Defendant's speculative opinion of how Deputy Cawcutt should have acted upon detecting the odor of burnt marijuana," and that Defendant fails to highlight any evidence in the record that contradicts Deputy Cawcutt's testimony. (*Id.* at 14.) Because this

Court finds it credible that Deputy Cawcutt smelled the odor of burnt marijuana when Defendant opened the window of her vehicle, this Court agrees with Magistrate Judge Brisbois that there was sufficient probable cause to establish that that Defendant's vehicle contained narcotics.  Therefore, this Court also agree with Magistrate Judge Brisbois's conclusion that the roadside search of Defendant's vehicle during the March 13, 2020 traffic stop was constitutionally permissible under the automobile exception.  *Vore*, 743 F.3d at 1179.[6]

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.  Defendant Rekita Tiara Harden's objections (Doc. No. [93]) to Magistrate Judge Leo I. Brisbois's November 15, 2021 Report and Recommendation (Doc. No. [92]) are **OVERRULED**;

2.  Magistrate Judge Leo I. Brisbois's November 15, 2021 Report and Recommendation (Doc. No. [92]) is **ADOPTED**;

3.  Defendant's Motion to Suppress Search and Seizure Evidence (Doc. No. [41]) is **DENIED**;

---

[6]  Because Deputy Cawcutt had probable cause to search Defendant's vehicle prior to the completion of the original purpose of the March 13, 2020 traffic stop, the Court agrees with Magistrate Judge Brisbois that it need not address Defendant's arguments related to whether Deputy Cawcutt had reasonable articulable suspicion to expand the scope of the traffic stop.

4.	Defendant's Motion for Disclosure of Evidence Favorable to the Defendant (Doc. No. [29]) as set forth in the Report and Recommendation, is **GRANTED**;

5.	Defendant's Motion for Pretrial Disclosure of Jencks Act Material (Doc. No. [30]), as set forth in the Report and Recommendation, is **DENIED**;

6.	Defendant's Motion for Disclosure of Rule 404(b) Evidence (Doc. No. [31]), as set forth in the Report and Recommendation, is **GRANTED**;

7.	Defendant's Motion for Discovery and Inspection (Doc. No. [32]), as set forth in the Report and Recommendation, is **GRANTED**; and

8.	Defendant's Motion to Retain Rough Notes (Doc. No. [33]), as set forth in the Report and Recommendation, is **GRANTED**.

Dated: December 17, 2021	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge