UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 20-201 (DWF) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Rekita Tiara Harden, | |
| Defendant. | |

### INTRODUCTION

This matter is before the Court on Defendant Rekita Harden's *pro se* motion for compassionate release. (Doc. No. 134.) The United States of America (the "Government") opposes Harden's motion. (Doc. No. 143.) For the reasons discussed below, the Court respectfully denies Harden's motion.

### BACKGROUND

In 2022, Harden[1] pled guilty to one count of being a felon in possession of a firearm. (Doc. Nos. 103-04.) They were sentenced to 68 months in prison and a term of 3 years of supervised release. (Doc. No. 128.) Harden is currently incarcerated at Carswell FMC, with an expected release date of September 2025. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc* (last visited July 13, 2023).

---

[1]   Harden uses they/them/their pronouns.

Harden moves for compassionate release on the basis of (1) their mental health; (2) their use of a colostomy bag; (3) their risk of COVID-19; and (4) their father's ailing health. The Government opposes the motion.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding the requirements above, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. §

3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." *Id.* The record reflects that Harden requested compassionate release from the warden in November 2022, and their request was denied. (Doc. No. 134-1.) Accordingly, the Court finds Harden's motion ripe for review.

Harden has asthma and a colostomy bag. They have also been diagnosed with several mental health conditions, including schizophrenia, psychosis, bipolar disorder, post-traumatic stress disorder, antisocial personality disorder, anxiety, and depression. (Doc No. 144 at 11.) While there is no doubt that Harden's health conditions are serious, there is no evidence that Harden has been unable to provide self-care in the prison context. It appears Harden is receiving mental health treatment. (*Id.* at 3, 11, 14; Doc. No. 145.)[2] There is also no evidence that Harden has had issues with their colostomy bag, and their medical records indicate that they have been recommended for a take-down procedure. (Doc. No. 144 at 5, 7.) The Court finds no basis to conclude that Carswell FMC is, or will be unable to, accommodate Harden's health conditions.

Harden also asserts that they are at an increased risk for COVID-19. Harden, however, has refused a COVID-19 vaccine. (*Id.* at 88, 112.) "[A] prisoner who remains

---

[2] Harden was prescribed medication for their mental health conditions, to be taken in the morning and evening. (Doc. No. 144 at 3.) In November 2022, Harden refused the morning dosage for fifteen days straight. (*Id.*) The morning dosage was therefore discontinued due to noncompliance. (*Id.*)

3

at elevated risk because [they] ha[ve] declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

Lastly, Harden asserts that their father recently had a stroke and lost his legs due to diabetes, and he requires full-time care. Harden notes, however, that their grandmother is currently caring for their father. And while Harden contends that their grandmother also suffers from health issues, Harden does not explain what specific conditions their grandmother suffers from. Moreover, Harden has failed to explain why they are the only available caregiver for their father.

Because the Court concludes that Harden has failed to demonstrate extraordinary and compelling circumstances that warrant compassionate release, the Court need not address the sentencing factors or whether Harden poses a danger to the community.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Rekita Tiara Harden's motion to reduce sentence (Doc. No. [134]) is respectfully **DENIED**.

Dated:  July 18, 2023              s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge